# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 30, 2019

```
* * * * * * * * * * * * * *      *
THOMAS P. KELLEHER,              *      No. 16-1307V
                                 *
        Petitioner,              *
                                 *      Special Master Sanders
v.                               *
                                 *
SECRETARY OF HEALTH              *      Decision; Interim Attorneys' Costs
AND HUMAN SERVICES,              *
                                 *
        Respondent.              *
* * * * * * * * * * * * * *      *
```

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for Petitioner.
*Lisa Ann Watts*, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING INTERIM COSTS[1]

On October 23, 2018, Thomas Kelleher ("Petitioner") filed a motion for interim costs, requesting $9,923.42. Pet'r's Mot. for Int. Costs, ECF No. 39. On October 29, 2018, Respondent filed a response to Petitioner's motion in which Respondent indicated a desire for "the Special Master [to] exercise her discretion and determine a reasonable award for attorneys' fees and costs[.]" Resp't's Resp. at 3, ECF No. 40. Petitioner filed a reply brief on October 29, 2018, in which he stated that he "concurs with Respondent's recommendation that [the undersigned should] exercise her discretion and determine a reasonable award for interim costs in this case." Pet'r's Reply, ECF No. 41. For the reasons stated below, the undersigned will award interim costs to Petitioner at this time.

### I.   Procedural History

This case was originally assigned to Chief Special Master Dorsey. *See* ECF No. 5. On October 11, 2016, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that he

---

[1] This decision shall be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for

developed Guillain-Barré syndrome ("GBS") "[a]s a direct and proximate result of the reaction to the influenza [("flu")] vaccination administered [to him] on December 29, 2015[.]"  Petition at 3, ECF No. 1.  At the time of filing and throughout the entirety of this case, Ms. Nancy Meyers has represented Petitioner.

On October 14, 2016, Petitioner filed eight exhibits in support of his petition and a statement of completion on October 20, 2016.  *See* Pet'r's Exs. 1–8, CD-ROM docketed Oct. 14, 2016; Pet'r's SOC, ECF No. 8.  Following an initial status conference held on November 21, 2016, Petitioner filed additional exhibits on January 21, 2017, *see* Pet'r's Ex. 9, ECF No. 10, and on February 2, 2017.  *See* Pet'r's Ex. 10, CD-ROM docketed Feb. 2, 2017.  Respondent filed his Rule 4(c) Report on April 6, 2017, contending that "[P]etitioner does not qualify for an award of compensation under the Vaccine Act."  ECF No. 18 at 1.

This case was reassigned to the undersigned on April 26, 2017.  ECF No. 20.  The undersigned held a Rule 5 status conference on May 10, 2017, where she asked "Respondent whether informal resolution [was] a possibility in this case."  ECF No. 21.  "Respondent replied that he did not find this case appropriate for settlement[,]" and the undersigned set a deadline for Petitioner to submit his expert report.  *Id.*

Petitioner filed an expert report from Dr. Lawrence Steinman, M.D., on October 16, 2017, *see* Pet'r's Ex. 11, ECF No. 27-1, and twenty-four pieces of supporting medical literature on October 19, 2017.  Pet'r's Exs. 13–36, CD-ROM docketed Oct. 19, 2017.  On January 25, 2018, Respondent filed a responsive expert report from Dr. Thomas Leist, M.D., Ph.D., along with four pieces of supporting medical literature.  Resp't's Exs. A–F, ECF Nos. 31-1, 31-3–31-6.

Petitioner filed a supplemental responsive expert report from Dr. Steinman on April 9, 2018.  Pet'r's Ex. 37, ECF No. 33.  On July 2, 2018, Respondent filed a responsive supplemental expert report from Dr. Leist, together with three additional pieces of supporting medical literature.  Resp't's Exs. G–J, ECF No. 35-1–35-4.  Petitioner filed one last supplemental responsive expert report from Dr. Steinman and one additional piece of supporting medical literature on August 20, 2018.  Pet'r's Exs. 38–39, ECF No. 37-1–37-2.  No further expert reports have been filed in this case to date, and Chambers is expected to reach out to the parties when hearing dates became available.

This matter is now ripe for consideration.

## II.   Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought."  42 U.S.C. § 300aa-15(e)(1).  Respondent does not object to Petitioner's motion

---

ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim costs are met.

### B.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in Shaw that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Applying these standards, an award of interim costs is reasonable and appropriate in this case. Almost two and a half years have passed since Petitioner filed his petition. To date, Petitioner has submitted three expert reports and numerous exhibits in support of his petition. *See* Pet'r's Exs. 1–39. Additionally, due to a multitude of factors, many cases in the Program are not proceeding to an entitlement hearing as quickly as they may have in the past. *See Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). Based on the number and nature of cases currently waiting for available hearing dates, a hearing is not currently scheduled for this case in the coming months. Petitioner's counsel has requested almost $10,000 in costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Therefore, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III.  Reasonable Costs

A special master can only award a request for litigation costs if it is reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $9,923.42 in costs. Pet'r's Mot. for Int. Costs at 1, ECF No. 39. This includes $4,134.48 for costs associated with obtaining medical records from providers, $400.00 for filing fees, and $13.94 for long-distance telephone calls, postage, and photocopying costs. Pet'r's General Order No. 9 Statement at 1, ECF No. 39-1. The undersigned finds all these costs to be reasonable and awards them in full.

The remainder of Petitioner's requested costs are associated with Dr. Steinman's review of Petitioner's claim. Whether requested expert costs are reasonable is determined by using the same lodestar method that is used when calculating attorneys' fees. *Masias v. Sec'y of Health and Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009). The lodestar method involves a two-step analysis. *Avera*, 515 F.3d at 1348. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v.*

*Stenson*, 465 U.S. 886, 888 (1984)).   Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

Dr. Steinman requests a rate of $500.00 per hour.  Pet'r's General Order No. 9 Statement at 23, ECF No. 39-1.  Dr. Steinman has previously been awarded this rate in the Program.  *See, e.g.*, *Rolshoven v. Sec'y of Health and Human Servs.*, No. 14-439V, 2017 WL 5472577, at *4 (Fed. Cl. Spec. Mstr. Oct. 19, 2017); *Tetlock v. Sec'y of Health and Human Servs.*, No. 10-056V, 2017 WL 5664257, at *7 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); *Pentcholov v. Sec'y of Health and Human Servs.*, No. 14-414V, 2016 WL 3197389, at *6 (Fed. Cl. Spec. Mstr. Apr. 29, 2016).  Therefore, the undersigned finds Dr. Steinman's requested rate to be reasonable.

Dr. Steinman requests compensation for 10.75 hours of work conducted on Petitioner's claim.  Pet'r's General Order No. 9 Statement at 23, ECF No. 39-1.  Dr. Steinman reviewed numerous exhibits and filed three expert reports in this case.  The undersigned finds Dr. Steinman's hours expended to be reasonable.  Therefore, the undersigned awards Petitioner the full amount requested for Dr. Steinman's work, i.e., $5,375.00.

## IV.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned awards Ms. Myers $9,923.42 in interim costs.  Accordingly, the undersigned awards the total of **$9,923.42** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Nancy Meyers, of Ward Black Law, for interim costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.