# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 30, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| THOMAS P. KELLEHER, | * | No. 16-1307V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Decision; Interim Attorneys' Fees; |
| AND HUMAN SERVICES, | * | Reduction for Administrative Tasks |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for Petitioner.
*Ronalda Elnetta Kosh*, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES[1]

On November 5, 2019, Thomas P. Kelleher ("Petitioner") filed a motion for interim attorneys' fees, requesting $26,203.50 in interim attorneys' fees for his counsel, Ms. Nancy Routh Meyers. Pet'r's Mot. for Int. Att'ys' Fees, ECF No. 50 [hereinafter Pet'r's Mot. for IAF]. On November 18, 2019, Respondent filed a response to Petitioner's motion in which he indicated a desire for "the Court [to] exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 3, ECF No. 52. For the reasons stated below, I will award interim attorneys' fees to Petitioner at this time.

### I. Procedural History

This is Petitioner's second motion for an interim award. *See* Pet'r's Mot. for Int. Costs, ECF No. 39. On April 30, 2019, I issued a decision granting Petitioner's first motion and awarding him $9,923.42 in interim costs. *See* Dec., ECF No. 44. I will dispense with a full recitation of the procedural history here, as I provided an in-depth review in my previous fee

---

[1] This decision shall be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

decision. *See Kelleher v. Sec'y of Health and Human Servs.*, No. 16-1307V, 2019 WL 3036538, at *1–2 (Fed. Cl. Spec. Mstr. Apr. 30, 2019).

Following the issuing of my decision, the parties have submitted further filings to the Court. Petitioner filed a second supplemental expert report from Lawrence Steinman, M.D., on November 18, 2019. Pet'r's Ex. 40, ECF No. 53-1. On November 19, 2019, Respondent filed a second supplemental expert report by Thomas Liest, M.D., Ph.D. Resp't's Ex. K, ECF No. 54-1. Petitioner filed medical literature in support of Dr. Steinman's second supplemental report on November 25, 2019. Pet'r's Exs. 41–43, ECF Nos. 55-1–55-4.

On December 11, 2019, Petitioner filed a status report indicating that he did "not intend to file any additional expert reports at this time." ECF No. 56. Neither party has submitted any additional filings to date.

This matter is now ripe for consideration.

## II.   Availability of Interim Attorneys' Fees and Costs

### A.   Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim attorneys' fees are met.

### B.   Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in Shaw that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Applying these standards, an award of interim costs is reasonable and appropriate in this case. This case has been pending for over three-and-a-half years. To date, Petitioner has submitted four expert reports and numerous exhibits in support of his petition. *See* Pet'r's Exs. 1–40. Additionally, due to a multitude of factors, many cases in the Program are not proceeding to an entitlement hearing as quickly as they may have in the past. *See Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). Based on the number and nature of cases currently waiting for available hearing dates, a hearing is not currently scheduled for this case in the coming months. Petitioner's counsel has requested over $26,000 in fees, and "[i]t cannot be seriously argued that in essence

loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Therefore, I find an award of interim attorneys' fees reasonable and appropriate in this case.

**III.  Reasonable Attorneys' Fees**

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). In making a determination, applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step approach. *Id*. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

**A.  Reasonable Rates**

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Id.* at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and experience in the Vaccine Program, as well as the quality of the work performed. *Id*. at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

**i.  Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the attorneys and paralegals who have worked on this matter to date:

**Attorneys**:

- Nancy Routh Meyers:
    o 2016: $350.00
    o 2017: $350.00
    o 2018: $375.00

3

   o  2019: $390.00

**<u>Paralegals</u>**:

   o  2016: $145.00
   o  2017: $145.00
   o  2018: $145.00
   o  2019: $145.00

  These rates are consistent with what Ms. Meyers has been previously awarded in Vaccine Program. *See Cook v. Sec'y of Health and Human Servs.*, No. 18-255V, 2019 WL 4256285, at *2 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); *Wade v. Sec'y of Health and Human Servs.*, No. 17-1039V, 2019 WL 4256263, at *2 (Fed. Cl. Spec. Mstr. Aug. 16, 2019); *Trollinger v. Sec'y of Health and Human Servs.*, No. 16-170V, 2019 WL 7565466, at *2 (Fed. Cl. Spec. Mstr. Oct. 31, 2019). I find these rates reasonable. Accordingly, no adjustment is required.

    **ii. Hours Expended**

  The second step in *Avera* is for the court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. As outlined below, I have determined that a reduction in the number of hours requested is appropriate.

  While clerical and other administrative work is necessary in every case, billing separately for such work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (tasks that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates"). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices. *See Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It also includes organizing exhibits, preparing compact discs, and filing records. *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3 (Fed. Cl. Spec. Mstr. July 12, 2017); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017). It is the nature of the tasks performed, not a person's professional title, which determines whether the work is legal, paralegal, or clerical in nature. *Doe 11 v. Sec'y of Health & Human Servs.*, No. XX–XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 (1989)).

  The paralegal billing records contain entries for clerical and administrative tasks that are not compensable in the Vaccine Program. For example, on October 12, 2016, a paralegal billed .2 hours to "[f]ile [n]otice of [i]ntent to[f]ile on CD with Vaccine Court." Pet'r's Mot. for IAF, Attach. 1, at 7, ECF No. 50-1. There are numerous other instances of billing time for preparing and filing exhibits with the Court. *See, e.g., id.* (a .5-hour entry on 10/10/2016, to "[p]repare CDs of [e]xhibits to be served on Vaccine Court Clerk and defense attorney."); *id.* at 11 (a 1.9-hour entry on 1/20/2017, reflecting the following tasks: "[f]iled [n]otice of [f]iling of [e]xhibit 9, parts 1–8. Downloaded file-stamped copy. (1.2 [hours]). Filed updated exhibit list per Court's

4

requirement. Prepared and filed [s]tatus [r]eport requesting an extension to submit client's records from [medical provider]. (.7 [hours])."); *id.* at 15 (a .3-hour entry to "[f]inalize [m]otion for [e]xtension of [t]ime to [f]ile [e]xpert [r]eport and file with the Court."); *id.* at 15–16 (a 6.1-hour entry reflecting the following tasks: "Review and finalize expert report from Dr. Steinman for filing with the Court (.9 [hours]); compile all references cited in report and prepare as exhibits, including pagination, in preparation for filing (3.2 [hours]); . . . Prepare additional references for filing with the Court (.9); Prepare and file [n]otice of [f]iling [e]xpert [r]eport (Exhibit 11 ), updated [e]xhibit [l]ist and [n]otice of [i]ntent to [f]ile on CD (1.1 [hours])."); *id.* at 21 (a .6-hour entry to "[f]ile Dr. Steinman's supplemental responsive expert report with cited literature. File updated [e]xhibit [l]ist. Receipt and download file-stamped copies for our file."). Preparing, filing, and downloading exhibits and other documents with the Court are not compensable tasks in the Program. By my review, there are at least seventeen instances of this type of billing entry. Based on the number of hours spent on these tasks as indicated in the billing records, the paralegals billed roughly 14.6 hours for this work.[2] Accordingly, I will reduce Petitioner's fee award by **$2,117.00**.[3]

I find the remainder of Petitioner's billing entries to be reasonable. Therefore, no further reductions are necessary.

IV.   **Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I award Ms. Myers $24,086.50 in interim attorneys' fees. Accordingly, I award the total of **$24,086.50** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Nancy Meyers, of Ward Black Law, for interim attorneys' fees.

---

[2] In some instances, Ms. Meyers grouped multiple tasks together in one billing entry without indicating how much time was spent on each individual task. *See, e.g.*, Pet'r's Mot. for IAF, Attach. 1, at 5 (a .4-hour entry for the following tasks: "Received client's vaccination record from Sam's Club Pharmacy. *Reviewed and prepared as exhibit for referencing in petition*. Revised SOL in case files and in database to reflect correct date. Sent client e-mail forwarding copy of vaccination records via e-mail attachment.") (emphasis added); *id.* (a .3-hour entry for the following tasks: "Received records from Jenner's Pond Preston Residence. *Prepared as exhibit for referencing in petition*. E-mailed copy of records to client.") (emphasis added); *id.* at 7–8 (a .3-hour entry for the following tasks: "Review case notes to confirm there were no outstanding records requests and e-mail to Attorney Meyers regarding same. Prepare [s]tatement of [c]ompletion and *filed same with the Court*.") (emphasis added). This type of billing practice, known as "block billing," is discouraged in the Program. *See Mostovoy v. Sec'y of Health and Human Servs.*, No. 02-010V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb 4, 2016) ("Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored[ in the Vaccine Program]."); *see also Guidelines for Practice Under the National Vaccine Injury Compensation Program* at 72 (revised Apr. 24, 2020), retrieved from http://www.uscfc.uscourts.gov/sites/default/files/Guidelines-4.24.2020.pdf (last visited May 14, 2020) ("Each task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the [C]ourt's ability to assess the reasonableness of the request."). This type of billing practice also makes calculating the amount of time spent on each task difficult. Therefore, I will value non-compensable tasks included in billing entries such as those listed above at .2 hours of time in calculating my deductions to Petitioner's fee request.

[3] 14.6 hours x $145.00 per hour = $2,117.00.

5

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.